# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        )
                             )

     v.                        )        Cr. ID Nos. 1302018840
                             )                1304017341

SHAWNE BOWEN,         )
                             )

     Defendant.      )

Date Submitted:  July 8, 2015
Date Decided:  September 28, 2015

***Upon Defendant's Motion for Postconviction Relief***
**SUMMARILY DISMISSED**

***Upon Motion to Withdraw as Counsel for Defendant***
**GRANTED**

## ORDER

1. On February 25, 2013, Shawne Bowen ("Defendant") and Timothy Seibert were charged with Possession of a Controlled Substance with an Aggravating Factor, Conspiracy Second Degree, and Possession of Drug Paraphernalia.[1] Following their arrest, Defendant and Seibert were interviewed about a burglary that previously occurred on February 13, 2013, to which Defendant and Seibert confessed their involvement.  Defendant and Seibert were additionally charged

---

[1] Criminal Id. No.: 1302018840.

with Burglary Third Degree, Conspiracy Second Degree, Felony Theft, and Criminal Mischief.[2]

2. On May 9, 2013, Paul R. Flockerzie from the Public Defender's Office ("PDO") was appointed to represent Defendant. On June 7, 2013, Robert Goff of the PDO filed letters of conflict on behalf of Seibert. On that same day, John Malik appeared on behalf of Seibert for arraignment. On June 25, 2013, the Office of Conflict Counsel appointed Gregory Johnson to represent Seibert. Seibert subsequently retained Andrew Witherell as counsel by letter to the Court dated October 9, 2013. Seibert was never represented by the PDO. To the contrary, Seibert was represented by conflict counsel and then retained private counsel.

3. On August 7, 2013, Defendant pled guilty to Burglary in the Third Degree and Possession of a Controlled Substance with an Aggravating Factor. In exchange for Defendant's guilty plea, the State dismissed the remaining charges. As to Burglary in the Third Degree, Defendant was immediately sentenced to three (3) years at level V, suspended for eighteen (18) months at level III. As to Possession of a Controlled Substance with an Aggravating Factor, Defendant was immediately sentenced to one (1) year at level V, suspended for eighteen (18) months at level III.

---

[2] Criminal Id. No.: 1304017341.

4. On January 2, 2014, Probation and Parole filed a violation of probation. Following a hearing on January 23, 2014, Defendant was sentenced to the Key/Crest Continuum for three (3) years at level V, suspended after successful completion, for the balance to be served at level IV, suspended after successful completion to one (1) year at level III.

5. On April 2, 2014, Defendant filed a Motion for Sentence Reduction as a self-represented litigant,[3] which was denied by Order dated April 14, 2014.

6. Defendant filed a timely motion for postconviction relief ("PCR Motion") on April 8, 2014, as a self-represented litigant. This is Defendant's first motion for postconviction relief.[4] Defendant contends that his constitutional rights were violated when he and his co-defendant, Seibert, were simultaneously represented by the PDO.

7. Under the most recent version of Superior Court Criminal Rule 61, Defendant would not have met the requirements for appointment of counsel to represent

---

[3] Defendant filed his Motion for Sentence Reduction pursuant to Super. Ct. Crim. R. 35(b), which provides that "[t]he court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."

[4] On April 30, 2014, the PDO filed a Motion for Postconviction Relief on behalf of Defendant, asserting relief due to alleged governmental misconduct related to the Office of the Chief Medical Examiner. However, a stipulation was filed whereby the PDO agreed to withdraw its motion and all claims therein such that the status of Defendant's postconviction relief proceeding was as if the PDO's motion was never filed. The stipulation was granted by Order dated January 23, 2015.

him in his postconviction proceeding.[5]  However, based on his date of filing, Defendant benefitted from an earlier version of Rule 61, which provided that "[t]he court will appoint counsel for an indigent movant's first postconviction proceeding."[6]  As a result, on June 27 2014, Donald Roberts ("Rule 61 Counsel") was appointed to represent Defendant.

8. According to Rule 61(d)(4), "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[7]

9. To avoid summary dismissal, Defendant must do more than make conclusory assertions of law or fact.[8]  Defendant must support all asserted grounds for relief with "concrete allegations of actual prejudice."[9]

10. Defendant has failed to assert any ground for relief that reflects that Defendant was actually prejudiced.  Defendant's only asserted ground for relief is that his

---

[5] *See* Super. Ct. Crim. R. 61(e)(2) (2015) (stating that the judge may only request appointment of counsel for a defendant seeking to set aside a judgment resulting from a guilty plea if the judge determines that "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendre; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.").
[6] Super. Ct. Crim. R. 61(e)(2) (2014).
[7] Super. Ct. Crim. R. 61(d)(4) (2014).
[8] *State v. Watson*, 2008 WL 1952160, at *2 (Del. Super. Mar. 25, 2008).
[9] *Id.*; *see also State v. Drake*, 2008 WL 5264880, at *2 (Del. Super. Dec. 15, 2008).

3

constitutional rights were violated when he Seibert were both represented by the PDO. To the contrary, Defendant was represented by the PDO until Rule 61 Counsel was appointed while Seibert was represented by private or conflict counsel. Specifically, Malik entered his appearance on behalf of Seibert for Seibert's arraignment. Johnson was then appointed as conflict counsel for Seibert. Finally, Seibert retained private counsel, Witherell. Accordingly, it plainly appears that Defendant's PCR Motion is without merit because no conflict of interest existed between Defendant's counsel and Seibert's counsel.

11. After reviewing the record to determine if any other meritorious grounds for relief exist and concluding that there are no meritorious grounds for relief, Rule 61 Counsel filed a Motion to Withdraw pursuant to Superior Court Criminal Rule 61(e)(2) on April 27, 2015.[10] Defendant failed to file a response to Rule 61 Counsel's Motion to Withdraw.

12. Withdrawal may be appropriate when "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw."[11] The Court must also conduct a review of

---

[10] Super. Ct. Crim. R. 61(e)(2)(2015). After the June 2015 amendment to Rule 61, this subsection has become R. 61(e)(6).

[11] *Id.*

the record to determine whether Defendant's motion contains any reasonable grounds for relief.[12]

13. Rule 61 Counsel was appointed by the Court to represent Defendant in the postconviction proceedings and, after a careful review of the record, applicable case law, and communication with Defendant, concluded there are no meritorious grounds for postconviction relief. Further, after reviewing the record, the Court concludes that there are no reasonable grounds for relief. Accordingly, Rule 61 Counsel should be permitted to withdraw as counsel.

**NOW, THEREFORE, this 28th day of September, 2015, Defendant Shane Bowen's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED and the Motion to Withdraw as Counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[12] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. Dec. 12, 2013).